**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CINDY LEE EWING,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.
_____/

CASE NO. 14-10960

DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PATRICIA MORRIS

**MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION**
**PURSUANT TO RULE 41(b) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Berg, this case was referred to the undersigned magistrate judge for general case management on April 24, 2014. Service of process was effectuated and the Commissioner of Social Security filed an answer to the Complaint on May 27, 2014. (Doc. 9.) A scheduling order was entered on May 28, 2014, ordering that Plaintiff's motion for summary judgment was due by June 27, 2014. (Doc. 11.) Plaintiff did not file a motion for an extension of time in which to file her motion nor did she file any motion for summary judgment. On July 21, 2014, this Court entered an Order for Plaintiff to Show Cause why the undersigned should not

recommend that the Complaint be dismissed for want of prosecution, allowing Plaintiff until August 4, 2014 to respond. (Doc. 13.) To date, no response has been made.

**B.     Discussion**

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).  "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).  When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In the instant case, Plaintiff was warned of the effect of not responding to an Order to Show Cause.  I therefore suggest that Defendant should not be further prejudiced by Plaintiff's failure to pursue her claims.  This outcome is consistent with the prevailing practice throughout this circuit. *See, e.g., Sabaugh v. Comm'r of Soc. Sec.*, No. 13-cv-14614, 2014 WL 1908424, at *1 (E.D. Mich. May 13, 2014)(adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff failed to file a motion and brief and was warned that

dismissal would occur if he failed to respond to show cause order); *Addair v. Comm'r of Soc. Sec.*, No. 1:13CV1603, 2013 WL 810824, at *1 (N.D. Ohio Feb. 25, 2014)(adopting R&R to dismiss case for failure to prosecute under 41(b) where plaintiff failed to oppose defendant's motion to dismiss and did not seek an extension of time to do so); *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)). *Contra Crist v. Comm'r of Soc. Sec.,* No. 13-14008, 2014 WL 2931412, at *2 (E.D. Mich. June 27, 2014)(Michelson, J.); *Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010) (Friedman, J.) (quoting *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)).

In addition, the undersigned has reviewed the record evidence and the ALJ's decision and finds no patent defects in the administrative proceedings that would undermine the ALJ's decision. I therefore suggest that even if the case were examined on the merits, the findings of the Commissioner should be affirmed and summary judgment granted in favor of Defendant.

### C. Conclusion

Accordingly, because counsel for Plaintiff has failed to effectuate service of process and has failed to respond to the Court's order to Show Cause, I conclude that Plaintiff has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner. As a result, I suggest that the case be dismissed with prejudice for failure to prosecute.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 9, 2014         /s/ Patricia T. Morris
                                Patricia T. Morris
                                United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Notice was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record. A hard copy was served by First class mail on Cindy Lee Ewing, 829 N. Waverly Street, Dearborn, MI 48128.

Date: September 9, 2014         By    s/Jean L. Broucek
                                Case Manager to Magistrate Judge Morris